Dock BAKER, Appellant,

v.

The STATE of Oklahoma ex rel. E. Wayne LAWSON, Commissioner, Department of Public Safety, Appellee.

No. 47363.

Supreme Court of Oklahoma.

March 25, 1975.

Park, Nelson & Caywood by Kerry W. Caywood, Chickasha, for appellant.

Robert Dennis, Associate Counsel, Dept. of Public Safety, Oklahoma City, for appellee.

LAVENDER, Justice:

Appellant, Dock Baker (Baker), was the driver of an automobile involved in a four automobile accident in Chickasha, Oklahoma. The investigating officer of the Chickasha Police Department in the course of his investigation of the accident sought to have Baker submit to an alcoholic content test. This was after the police officer had arrested Baker and determined he had reasonable grounds to believe Baker was driving a motor vehicle upon the public highways under the influence of alcohol or intoxicating liquor. Baker refused to submit to such a test.

In due course Baker was served with an order issued by the Commissioner of Public Safety for the State of Oklahoma, revoking his operator's license for six months. Baker requested and received an administrative hearing. The order of revocation was sustained. Baker filed his action in the District Court of Grady County to vacate that order. Trial judge sustained the order of revocation. Baker appeals to this court.

Appellant makes no issue as to the fact he was arrested and was a driver of an automobile on the public highways.

In the district court hearing Baker denied driving while under the influence of alcohol or intoxicating liquor. He testified he refused the test "because I know I wasn't drunk. I knew I wasn't drunk." The investigating officer gave evidence of smelling alcohol on Baker's breath, of slurred speech and unsteady movement from Baker's vehicle to the officer's vehicle. The officer gave his opinion that Baker had been driving under the influence of alcohol or liquor and was intoxicated. There is a conflict in the evidence as to the issue of "driving under the influence." That issue is for determination by the trier of the facts. It was not so determined in this action.

Neither the order resulting from the administrative hearing or order of the trial court found Baker was operating a motor vehicle under the influence of an alcoholic beverage.

This case is controlled by our decision In Matter of Application of Baggett, Okl., 531 P.2d 1011 (1974). There we said one of the issues to be determined in the administrative hearing before the Commissioner of Public Safety, or its agent, following revocation of driver's license for failure to comply with the provisions of Oklahoma's Implied Consent Law is whether the person was driving or was in actual physical control of a vehicle "(b) while under the influence of alcohol of intoxicating liquor."

Neither the order after the administrative hearings or after the hearing in the district court made the necessary fact determination that Baker was driving while under the influence of alcohol or intoxicating liquor. Without such a finding and determination, the order of revocation has no statutory basis upon which to stand. 47 O.S.1971, § 754.

Order of revocation of the operator's license held by Dock Baker is reversed and remanded for a new trial to determine the issue recognized by this opinion.

Reversed and remanded to the District Court for a new trial.

All of the Justices concur.